IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-01190-PSF-BNB

STANFORD EUGENE ANDRESS,

    Plaintiff,

v.

JONATHON COATS,

    Defendant.

## ORDER OF DISMISSAL

This matter is before the Court on a review of the file.  The plaintiff brings this action *pro se*, filing his Complaint on June 27, 2005 (Dkt. # 1) and apparently seeking injunctive relief against the defendant, who is allegedly "interfer[ing] with the personal freedom of [plaintiff]" in connection with a relationship between the plaintiff and the defendant's mother.  Compl. at 3.

On November 2, 2005, the Magistrate Judge filed a Recommendation (Dkt. # 30) after plaintiff failed to reply meaningfully to an earlier Order to Show Cause.  The Magistrate Judge recommended that the plaintiff's Complaint be dismissed for failure to comply with applicable rules of procedure and failure to comply with orders of the court. Plaintiff did not file written objections to this Recommendation.

On November 28, 2005, the Magistrate Judge issued an Order to Show Cause (Dkt. #31), requesting plaintiff to respond in writing on or before December 12, 2005, why the Complaint should not be dismissed for failure to prosecute, including

deficiencies as to service of process on defendant and demonstrating proof of proper service, failure to comply with applicable rules of procedure, and failure to comply with earlier orders of the Magistrate Judge.  The Order noted that failure to comply would result in a recommendation of dismissal with prejudice.

Specifically, the Magistrate Judge noted plaintiff's failure to respond to motions to dismiss by the defendant after he was ordered to respond on or before November 21, 2005, *see* Minute Order issued October 27, 2005, and plaintiff's failure to comply with F.R.Civ.P. 4(m) and failure to file proof of service by October 31, 2005, as ordered by the Magistrate Judge on July 25, 2005.

Plaintiff's response to the Order to Show Cause, filed December 1, 2005 (Dkt. # 32), stated as follows:

> JUSTICE.  The awesome responsibility of administering justice in a world of injustice is a colossal task.  The American system of courts, while depending upon human judges, is sadly lacking in the element of justice.  Instead prejudice and pride is the rule.  If one of the opponents who presents his case has much more money and influence , he or she will expect to immediately gain the favor of the judge.  He can afford to employ an experienced attorney who has been before the judge previously, and who has gained favor with him.  Hence the word "Justice" often becomes <u>injustice</u> to the injured party.
> 	The peculiar part of this recitation is that while the American Court System has a multitude of provisions, on up to the Supreme Court, your injury is frequently ended–because of a human feeling of preference for the adversary.  This occurs daily in our lower courts.  Even so, there are giants of jurisprudence who see through the artifice of the offender and make an honest and trustworthy decision in favor of the injured complainant.

Pl.'s Statement at 1 (emphasis in original).  While perhaps insightful at some level, this observation is not a meaningful response to the substance of the show cause order.  This filing itself violates several applicable rules of procedure, including F.R.Civ.P. 5(a)

and D.C.COLO.LCivR 5.1F (no certificate of service), D.C.COLO.LCivR 10.1E (not double-spaced), and D.C.COLO.LCivR 10.1J (no caption).

Failure to prosecute and failure to comply with the Federal Rules of Civil Procedure or any order of the court may result in dismissal of the action. *See* F.R.Civ.P. 41(b). Such a dismissal can operate as an adjudication on the merits. *Id.* Here, dismissal is appropriate where plaintiff has repeatedly failed to comply with the orders of the Magistrate Judge, including failure to respond to the motions to dismiss as ordered and failure to comply with procedural requirements. *See also Trujillo v. McCotter*, 89 F.3d 851 (Table), 1996 WL 339382 (10th Cir., June 20, 1996) (upholding dismissal of a *pro se* action where plaintiff failed to adequately respond to the order to show cause of the United States magistrate judge).

Accordingly, it is

ORDERED as follows:

1.   The Complaint (Dkt. #1) is DISMISSED WITH PREJUDICE;

2.   All other pending motions are DENIED as moot.

DATED:  December 15, 2005

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge

3